664    COURT OF ERRORS AND APPEALS.

Anderson v. Jersey City Elec. Light Co.    *64 N. J. L.*

JOHN ANDERSON, PLAINTIFF IN ERROR, v. JERSEY CITY
ELECTRIC LIGHT COMPANY.

Argued March 16, 1900—Decided June 18, 1900.

A person who, solely for the purpose of demonstrating to his companion
the correctness of his judgment that an electric light wire is properly
insulated, and therefore harmless, deliberately touches it with his
hand, has no claim, against the owner of the wire, to be compensated
for injuries resulting from such act.

On error to the Supreme Court. This cause was tried at
the Hudson Circuit, before Mr. Justice Lippincott and a jury,
and at the conclusion of plaintiff's case a judgment of non-
suit was ordered.

For the plaintiff in error, *Joseph Anderson.*

For the defendant in error, *Flavel McGee.*

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff, a tinsmith, was employed by
the Carteret club of Jersey City to repair a leak in the roof
of the toilet-room to its club-house, the roof being at the
bottom of the light-shaft which was constructed in the build-
ing.   One of the sides of this light-shaft was open to the air.
Certain of the electric wires of the defendant company ran
across the light-shaft a little more than six feet above the
roof of the toilet-room.   There was also employed upon the
roof of this toilet-room at the same time with the plaintiff, one
Loringe, a carpenter, who was doing other repair work in the
light-shaft.   Loringe observed that the electric wires hung
near the place where his work required him to be, and fearing
lest he should come in contact with them and receive injury,
insisted that two ladders should be put up and a plank laid
across them, so that he might stand upon it and thus be saved
from the danger of touching the wires.   The plaintiff assured
Loringe that the wires were insulated, and therefore harm-

less; but, nevertheless, yielded to his demand and arranged the scaffold as he desired. After this had been done, and solely for the purpose of showing Loringe that his fear was groundless, the plaintiff reached up and placed his hand upon one of the wires. It turned out not to be thoroughly insulated at the point where he touched it, and he received a severe shock which seriously injured him. In an action brought by him against the company to recover for such injuries, a nonsuit was directed on the ground of contributory negligence, and this he now alleges was error.

We find nothing in the facts which would justify us in reversing the action of the trial court. Instead of receiving his injuries, as he alleges in his declaration, by unwittingly, but without any fault or lack of care on his part, coming in contact with this wire while engaged at his work (*Anderson v. Jersey City Electric Light Co.*, 34 *Vroom* 387), they are the result of his deliberately touching this wire, not in the performance of the work about which he was employed, but simply for the purpose of demonstrating the correctness of his judgment as to its harmlessness. He knew that the wire might be dangerous if the insulation was not perfect, and, having voluntarily assumed the risk of injury in order to vindicate the soundness of his judgment, he has no one but himself to blame for the consequences which followed.

The judgment under review should be affirmed.

*For affirmance*—MAGIE (CHANCELLOR), VAN SYCKEL, GARRISON, GUMMERE, LUDLOW, COLLINS, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 10.

*For reversal*—None.